**EXHIBIT A**

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
6/8/2020 10:24:00 AM
Filing ID 11714795

1   Shannon L. Clark (19708)
    slc@gknet.com
2   Katherine B. Krukowski (034824)
    kate.krukowski@gknet.com
3   Gallagher & Kennedy, P.A.
    2575 East Camelback Road
4   Phoenix, Arizona 85016-9225
    602-530-8000
5   602-530-8500 - fax
    *Attorneys for Plaintiffs*
6

7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8             **IN AND FOR THE COUNTY OF MARICOPA**

9   RICARDO GUEVARA and CATHIE
    GUEVARA, a married couple,              No.  CV2020-005998
10
                    Plaintiffs,             **AMENDED COMPLAINT**
11                                          (Tort, Non Motor Vehicle)
    v.
12                                          **(Jury Trial Demanded)**
    HOME DEPOT, U.S.A., INC., a foreign
13  corporation; JOHN DOES I-X; GAF
    CORPORATION, a foreign corporation;
14  GAF MATERIALS, LLC, a foreign limited
    liability company; LL BUILDING
15  PRODUCTS, INC., a foreign corporation;
    JANE DOES I-X, ABC BUSINESS
16  ENTITIES I-X; BLACK AND WHITE
    TRUSTS I-X,
17
                    Defendants.
18

19

20          Plaintiffs, for their claims against the Defendants, alleges as follows:

21                  **PARTIES, JURISDICTION AND VENUE**

22          1.      At all relevant times, Plaintiffs Ricardo Guevara and Cathie Guevara were a

23  married couple and residents of Maricopa County, Arizona.

24          2.      Home Depot, U.S.A., Inc. is, and at all relevant times was, a foreign

25  corporation authorized to and doing business in the State of Arizona.

26

*(left margin vertical text)* Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

7996665v1/29086-0001

3. GAF Corporation is, and at all relevant times was, a foreign corporation authorized to and doing business in the State of Arizona.

4. GAF Materials, LLC is, and at all relevant times was, a foreign corporation authorized to and doing business in the State of Arizona.

5. LL Building Products, Inc. is, and at all relevant times was, a foreign corporation authorized to and doing business in the State of Arizona.

6. John Does I-X, Jane Does I-X, and ABC Business Entities I-X are persons and entities who may be at fault for Plaintiffs' injuries but whose true names are not known to Plaintiffs at this time. Once the true identities of such fictitiously-named Defendants is learned, Plaintiffs will amend their Complaint.

7. Home Depot, U.S.A., Inc. ("Home Depot"), GAF Corporation, GAF Materials, LLC, LL Building Products, Inc., and the fictitiously named Defendants are collectively referred to as "Defendants."

8. Plaintiffs have claims against Defendants in an amount exceeding the jurisdictional minimum of this Court.

9. Venue is proper in Maricopa County, Arizona.

10. Defendants caused events to occur in Maricopa County out of which this action arises pursuant to A.R.S. § 12-401.

**BACKGROUND**

11. Plaintiffs incorporate by reference all previous allegations as if set forth herein.

12. Home Depot was, at the time the incident complained of herein took place, the lessee of the premises located at 15499 N. Hayden Road, Scottsdale, AZ 85260, where they operated Home Depot.

2

13. On June 14, 2018, Plaintiffs Ricardo Guevara ("Rick") and Cathie Guevara were guests of Defendant Home Depot located at 15499 N. Hayden Road, Scottsdale, Arizona.

14. Rick and his wife were shopping for various items at their leisure. Rick was looking for sheet-metal piping while Cathie was shopping in the garden section.

15. Rick found the sheet-metal piping, and as he went to take one piece off the shelf, another pipe fell off the shelf and crashed onto the top of his left foot.

16. The pipe lacerated the top of Rick's foot, cutting through tendon and the tissue beneath and to the bone. Rick was in great pain and was bleeding profusely.

17. As a result of the incident at Home Depot, Plaintiffs sustained grievous bodily injuries, some of which are permanent, and all of which have and will continue in the future to require Plaintiffs to incur medical expenses.

## COUNT I

### Negligence

18. Plaintiffs incorporate by reference all previous allegations as if set forth herein.

19. Defendants had a duty to provide safe premises for Home Depot's guests, including Plaintiffs.

20. Plaintiffs were invitees on Home Depot's property, and Defendants had a duty to make their premises reasonably safe for use by Plaintiffs.

21. Defendants also had a duty to eliminate or warn about dangerous conditions on their property.

22. Defendants had actual and/or constructive knowledge of the unreasonably dangerous condition presented by the precariously placed sharp, sheet-metal pipes which were not adequately secured on their property and had a duty to correct, instruct, and warn about this unreasonably dangerous condition.

3

7996665v1/29086-0001

1       23.     Some or all of Defendants' duties to Plaintiffs were non-delegable.

2       24.     Delegation of the aforementioned duties to other Defendants does not

3 relieve Home Depot of its affirmative duties to Plaintiffs.

4       25.     Defendants breached all of the aforementioned duties by, among other

5 things, creating, failing to prevent, and failing to warn about the dangerous condition

6 presented manner in which the piping was displayed, failing to take precautions to make

7 sure that the pipes were separated and allowing piping to fall and injure customers during

8 foreseeable circumstances.

9       26.     As a direct and proximate result of Defendants' breach of these duties,

10 Plaintiffs suffered personal injuries, have incurred medical expenses and will in the future

11 continue to incur medical expenses, suffering, and other general and special damages in

12 sums according to proof.

### COUNT II

### Loss of Consortium

15       27.     Plaintiffs hereby incorporate by reference all preceding paragraphs.

16       28.     Plaintiff Cathie Guevara is the spouse of Plaintiff Ricardo Guevara, and as a

17 direct and proximate result of Defendants' conduct as described in this Complaint,

18 Plaintiff Cathie Guevara has necessarily paid and has become liable to pay for medical

19 aid, treatment, attendance, and medications, and will necessarily incur further expenses of

20 a similar nature in the future.

21       29.     As a direct and proximate result of Defendants' conduct as described in this

22 complaint, Plaintiffs suffered and in the future will suffer the loss of spousal affection,

23 companionship, services, society, and other damages.

24       30.     As a direct and proximate result of Defendants' negligence, Plaintiffs have

25 suffered a loss of consortium of and with each other.

26

4

**RULE 26.2 TIER ALLEGATION**

31.     Due to the conduct of Defendants and the losses experienced by Plaintiffs, Plaintiffs are entitled to damages at a Tier 3 level within the criteria of Rule 26.2(b)(2).

**DEMAND FOR JURY TRIAL**

32.     Plaintiffs hereby demand a trial by jury in this matter.

**PRAYER**

33.     WHEREFORE, Plaintiffs request judgment to be entered against the Defendants as follows:

a.      For special damages in an amount to be proven at trial;

b.      For general damages in an amount to be proven at trial;

c.      For costs of suit;

d.      For pre- and post-judgment interest as allowed by law; and

e.      For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of June, 2020.

GALLAGHER & KENNEDY, P.A.

By /s/ Katherine B. Krukowski
Shannon L. Clark
Katherine B. Krukowski
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

5

COPY

MAY 2 0 2020

CLERK OF THE SUPERIOR COURT
M. MARIN
BY: ___ DEP.

1  Shannon L. Clark (19708)
   slc@gknet.com
2  Katherine B. Krukowski (034824)
   kate.krukowski@gknet.com
3  Gallagher & Kennedy, P.A.
   2575 East Camelback Road
4  Phoenix, Arizona 85016-9225
   602-530-8000
5  602-530-8500 - fax
   *Attorneys for Plaintiffs*
6

7          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8             **IN AND FOR THE COUNTY OF MARICOPA**

9  RICARDO GUEVARA and CATHIE
   GUEVARA, a married couple,            No.  CV 2020-005998
10
                Plaintiffs,              **COMPLAINT**
11                                       (Tort, Non Motor Vehicle)
   v.
12                                       **(Jury Trial Demanded)**
   HOME DEPOT, U.S.A., INC., a foreign
13 corporation; JOHN DOES I-X; JANE DOES
   I-X, ABC BUSINESS ENTITIES I-X;
14 BLACK AND WHITE TRUSTS I-X,
15                Defendants.
16

17         Plaintiffs, for their claims against the Defendants, alleges as follows:

18                **PARTIES, JURISDICTION AND VENUE**

19         1.    At all relevant times, Plaintiffs Ricardo Guevara and Cathie Guevara were a
20 married couple and residents of Maricopa County, Arizona.
21         2.    Home Depot, U.S.A., Inc. is, and at all relevant times was, a foreign
22 corporation authorized to and doing business in the State of Arizona.
23         3.    John Does I-X, Jane Does I-X and ABC Business Entities I-X are persons
24 and entities who may be at fault for Plaintiffs' injuries but whose true names are not
25 known to Plaintiffs at this time.  Once the true identities of such fictitiously-named
26 Defendants is learned, Plaintiffs will amend their Complaint.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1       4.     Home Depot, U.S.A., Inc. ("Home Depot") and the fictitiously named

2 Defendants are collectively referred to as "Defendants."

3       5.     Plaintiffs have claims against Defendants in an amount exceeding the

4 jurisdictional minimum of this Court.

5       6.     Venue is proper in Maricopa County, Arizona.

6       7.     Defendants caused events to occur in Maricopa County out of which this

7 action arises pursuant to A.R.S. § 12-401.

8                                        **BACKGROUND**

9       8.     Plaintiffs incorporate by reference all previous allegations as if set forth

10 herein.

11       9.     Defendant was, at the time the incident complained of herein took place, the

12 lessee of the premises located at 15499 N. Hayden Road, Scottsdale, AZ 85260, where

13 they operated Home Depot.

14       10.    On June 14, 2018, Plaintiffs Ricardo Guevara ("Rick") and Cathie Guevara

15 were guests of Defendant Home Depot located at 15499 N. Hayden Road, Scottsdale,

16 Arizona.

17       11.    Rick and his wife were shopping for various items at their leisure.  Rick was

18 looking for sheet-metal piping while Cathie was shopping in the garden section.

19       12.    Rick found the sheet-metal piping, and as he went to take one piece off the

20 shelf, another pipe fell off the shelf and crashed onto the top of his left foot.

21       13.    The pipe lacerated the top of Rick's foot, cutting through tendon and the

22 tissue beneath and to the bone. Rick was in great pain and was bleeding profusely.

23       14.    As a result of the incident at Home Depot, Plaintiffs sustained grievous

24 bodily injuries, some of which are permanent, and all of which have and will continue in

25 the future to require Plaintiffs to incur medical expenses.

26

# COUNT I

## Negligence

15.    Plaintiffs incorporate by reference all previous allegations as if set forth herein.

16.    Defendant has a duty to provide safe premises for its guests, including Plaintiffs.

17.    Plaintiffs were invitees on Defendant's property, and Defendant has a duty to make their premises reasonably safe for use by Plaintiffs.

18.    Defendant also has a duty to eliminate or warn about dangerous conditions on their property.

19.    Defendant has actual and/or constructive knowledge of the unreasonably dangerous condition presented by the precariously placed sharp, sheet-metal pipes which were not adequately secured on their property and had a duty to correct, instruct, and warn about this unreasonably dangerous condition.

20.    Some or all of Defendant's duties to Plaintiffs were non-delegable.

21.    Delegation of the aforementioned duties to other Defendants does not relieve Defendant of its affirmative duties to Plaintiffs.

22.    Defendant breached all of the aforementioned duties by, among other things, creating, failing to prevent, and failing to warn about the dangerous condition presented manner in which the piping was displayed, failing to take precautions to make sure that the pipes were separated and allowing piping to fall and injure customers during foreseeable circumstances.

23.    As a direct and proximate result of Defendant's breach of these duties, Plaintiffs suffered personal injuries, have incurred medical expenses and will in the future continue to incur medical expenses, suffering, and other general and special damages in sums according to proof.

3

**COUNT II**

**Loss of Consortium**

24.     Plaintiffs hereby incorporate by reference all preceding paragraphs.

25.     Plaintiff Cathie Guevara is the spouse of Plaintiff Ricardo Guevara, and as a direct and proximate result of Defendant's conduct as described in this Complaint, Plaintiff Cathie Guevara has necessarily paid and has become liable to pay for medical aid, treatment, attendance, and medications, and will necessarily incur further expenses of a similar nature in the future.

26.     As a direct and proximate result of Defendant's conduct as described in this complaint, Plaintiffs suffered and in the future will suffer the loss of spousal affection, companionship, services, society, and other damages.

27.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered a loss of consortium of and with each other.

**RULE 26.2 TIER ALLEGATION**

28.     Due to the conduct of Defendants and the losses experienced by Plaintiffs, Plaintiffs are entitled to damages at a Tier 2 level within the criteria of Rule 26.2(b)(2).

**DEMAND FOR JURY TRIAL**

29.     Plaintiffs hereby demand a trial by jury in this matter.

**PRAYER**

30.     WHEREFORE, Plaintiffs request judgment to be entered against the Defendant as follows:

a.     For special damages in an amount to be proven at trial;

b.     For general damages in an amount to be proven at trial;

c.     For costs of suit;

d.     For pre- and post-judgment interest as allowed by law; and

e.     For such other relief as the Court deems just and proper.

4

1     RESPECTFULLY SUBMITTED this 20th day of May, 2020.

2                           GALLAGHER & KENNEDY, P.A.

3

4                       By */s/ Katherine B. Krukowski*

5                         Shannon L. Clark
                           Katherine B. Krukowski

6                         2575 East Camelback Road
                         Phoenix, Arizona 85016

7                         *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   Shannon L. Clark (Bar No. 019708)
    slc@gknet.com
2   Katherine B. Krukowski (Bar No. 034824)
    kate.krukowski@gknet.com
3   GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
4   Phoenix, Arizona 85016-9225
    Telephone:    (602) 530-8000
5   Facsimile:    (602) 530-8500
    *Attorneys for Plaintiffs*

6

7                **SUPERIOR COURT OF THE STATE OF ARIZONA**

8                        **COUNTY OF MARICOPA**

9   RICARDO GUEVARA and CATHIE            No. CV2020- 005998
    GUEVARA, a married couple,
10                                        **SUMMONS**
                    Plaintiffs,
11
    v.
12
    HOME DEPOT, U.S.A., INC., a foreign   If you would like legal advice from a lawyer,
13  corporation; JOHN DOES I-X; GAF       contact the Lawyer Referral Service at
    CORPORATION, a foreign corporation;            602-257-4434
14  GAF MATERIALS, LLC, a foreign limited                or
    liability company; LL BUILDING        www.maricopalawyers.org
15  PRODUCTS, INC., a foreign corporation;        Sponsored by the
    JANE DOES I-X, ABC BUSINESS           Maricopa County Bar Association
16  ENTITIES I-X; BLACK AND WHITE
    TRUSTS I-X,
17                  Defendants.

18

19  **THE STATE OF ARIZONA TO:**      Home Depot U.S.A., Inc.
                                      C/o Corporation Service Company
20                                    8825 N. 23rd Avenue, Suite 100
                                      Phoenix, Arizona 85021
21
22          YOU ARE HEREBY SUMMONED and required to appear and defend, within the
    time applicable, in this action in this Court.  If served within Arizona, you shall appear and
23  defend within 20 days after the service of the Summons and Complaint upon you, exclusive
    of the day of service.  If served out of the State of Arizona -- whether by direct service, by
24  registered or certified mail, or by publication -- you shall appear and defend within 30 days
    after the service of the Summons and Complaint upon you is complete, exclusive of the day
25  of service.  Where process is served upon the Arizona Director of Insurance as an insurer's
    attorney to receive service of legal process against it in this state, the insurer shall not be
26  required to appear, answer or plead until expiration of 40 days after date of such service
    upon the Director.  Service by registered or certified mail without the State of Arizona is
    complete 30 days after the date of filing the receipt and affidavit of service with the Court.
    8123556v1/29086-0001

1  Service by publication is complete 30 days after the date of first publication. Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is
2  complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Rule 4, Ariz. R. Civ. Proc., A.R.S. §§ 20-222, 28-502, 28-503.

3

4  REQUESTS FOR REASONABLE accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.
5  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or
6  his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7  YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief
8  demanded in the Complaint.

9  YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the
10  necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney.  Rules 5 and 10(d), Ariz. R. Civ. Proc.,
11  A.R.S. § 12-311.

12  SIGNED AND SEALED this date: _____.

13  CLERK OF THE SUPERIOR COURT

14  By: _____

15  Deputy Clerk

JUL 1 7 2020

16  CLERK OF THE SUPERIOR COURT
H. JOHNSON
DEPUTY CLERK

COURT SEAL
State of Arizona

17

18

19

20

21

22

23

24

25

26

8125556v1/29086-0001

2